# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00418-CV

**Robert Robedee, Appellant**

**v.**

**Carmen Sarkadi, Appellee**

## FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
## NO. C-1-CV-06-004249, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert Robedee appeals from the take-nothing summary judgment rendered on his claim that Carmen Sarkadi breached a loan agreement.[1] Robedee pleaded that he loaned Sarkadi $8,500 and that Sarkadi did not repay the debt. Sarkadi asserted by his motion for summary judgment that there was no evidence of a valid contract. The trial court granted the motion without specifying a basis. We affirm.

A party seeking a no-evidence summary judgment must assert that there is no evidence of one or more essential elements of a claim on which the opposing party will have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). If the nonmovant fails to produce more than a scintilla of probative

---

[1] Robedee does not challenge the take-nothing summary judgment on his fraud claim.

evidence raising a genuine issue of material fact as to each challenged element on which he has the burden of proof, summary judgment is proper. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). We review the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). When a trial court's order granting summary judgment does not specify the grounds relied upon, we may affirm if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

Sarkadi filed a no-evidence motion for summary judgment asserting, in part, that there was no evidence that a valid contract existed. A contract is not legally binding unless it is definite enough in its terms so that a court can understand what the promisor undertook. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992); *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 678 (Tex. App.—Houston [1st. Dist.] 1996, no writ). Where an essential term of an agreement is open for future negotiations, there is no binding contract. *Id*. In a contract to loan money, the material terms are generally the amount to be loaned, the maturity date of the loan, the interest rate, and the repayment terms. *Id*.

In response to Sarkadi's no-evidence motion for summary judgment, Robedee filed an affidavit that provides in relevant part as follows:

> I made a loan to Carmen Sarkadi on or about November 9, 2004 in the amount of $8,000.00. I made an additional loan to him on or about November 22, 2004 in the amount of $500.00. I gave Mr. Sarkadi the full $8,500.00. Mr. Sarkadi accepted the loans, and he promised to repay me. This money was not a gift to Mr. Sarkadi. It was a loan that Mr. Sarkadi promised to repay.

2

Mr. Sarkadi has never made any payments to me in repayment of the loan, and thereby breached the loan agreement. The principal balance due to me on the loan is $8,500.00, to my damage.

I justifiably relied upon his representation that he would repay, all of which has been to my injury and damage. I am seeking recovery of punitive damages against him.

This is the only evidence submitted in response to the motion for summary judgment and is the only evidence in the record of a loan agreement. The affidavit does not contain any statement regarding the maturity date of the loan or when the loan was due. Robedee asserts on appeal that the loan was to be repaid two weeks after it was made, but does not cite to evidence in the record to support this allegation. Robedee asserts in his live pleading that "Defendant defaulted in making required payments on the account on or about January 1, 2005." However, Robedee did not produce any summary judgment evidence to support this pleading. There is simply no evidence in the record to support the allegation that the debt went into default for lack of payment on January 1, 2005.

Sarkadi pointed out the absence of evidence as to the alleged due date. *See T.O. Stanley Boot Co.*, 847 S.W.2d at 221. Robedee did not produce any evidence on this element. The trial court did not err by granting the no-evidence summary judgment on Robedee's contract claim.

The dissent argues that this case is similar to *Jackson v. Carlson*, No. 03-08-00429-CV, 2009 Tex. App. LEXIS 1758 (Tex. App.—Austin Mar. 12, 2009, no pet.) (mem. op.). However, in *Jackson* there was no allegation of a specific due date for which there was a complete lack of evidence. The allegations in *Jackson* were that there was not a stated due date, the debt was

therefore a demand obligation, and there was evidence in the record of a demand by the creditor and a refusal to pay by the debtor after demand. *See* 2009 Tex. App. LEXIS, at *6-8. Here there is a specifically pleaded due date for which there is no support in the summary judgment evidence. This case is not controlled by *Jackson*.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop;
    Dissenting Opinion by Justice Patterson

Affirmed

Filed:  February 10, 2010